**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| SIERRA ROUNDTREE AND JAMES KAVANAGH, | § § § | |
| Plaintiffs, | § § | CIVIL ACTION NO. |
| vs. | § § | **COMPLAINT** |
| | § | Jury Trial Demanded |
| MVCONNECT, LLC AND JOHN DOES I-X | § § | |
| Defendants. | § § | |
| | § | |

## NATURE OF ACTION

1.      Plaintiffs, Sierra Roundtree ("Ms. Roundtree") and James Kavanagh ("Mr. Kavanagh") (collectively, "Plaintiffs"), bring this action against Defendants MVConnect, LLC ("MVC") and John Does I-X (Does I-X), pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., the Texas Uniform Commercial Code, TEX. BUS. & COM. CODE § 9.101 *et seq*., the Texas Debt Collection Act ("TDCA"), TEX. FIN. CODE § 392.001 *et seq*., and Texas Common Law.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

3.      Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiffs action occurred in this district, where she resides in this district, and where Defendants transact business in this district.

1

## THE FAIR DEBT COLLECTION PRACTICES ACT

4.      Congress enacted the FDCPA to "eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged, and to promote consistent state action to protect consumers." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 577 (2010) (citing 15 U.S.C. § 1692(e)).

5.      "[T]he FDCPA is a strict liability statute—collector 'need not be deliberate, reckless, or even negligent to trigger liability . . . .'" *Walker v. Pharia, LLC*, No. 4:09-CV-369-Y, 2010 WL 565654, at *3 (N.D. Tex. Feb. 18, 2010) (quoting *Ross v. RJM Acquisitions Runding LLC*, 480 F.3d 493, 495 (7th Cir. 2007)).

## THE UNIFORM COMMERCIAL CODE

6.      "Article 9 of the UCC is a comprehensive statutory scheme governing the rights and relationships between secured parties, debtors, and third parties." *McCullough v. Goodrich & Pennington Mortg. Fund, Inc.*, 373 S.C. 43, 53, 644 S.E.2d 43, 49 (2007).

7.      Article 9 serves "to provide a simple and unified structure within which the immense variety of present-day secured financing transactions can go forward with less cost and with greater certainty." *Haas' Estate v. Metro–Goldwyn–Mayer, Inc.*, 617 F.2d 1136, 1140 (5th Cir. 1980).

8.      After a default, the UCC gives secured parties the right to repossess collateral.  *See* Tex. Bus. & Com. Code § 9.609.

## THE TEXAS DEBT COLLECTION ACT

9.      In 1973, the Texas State Legislature enacted the Texas Debt Collection Act to "control and curtail the practices used in the collection of debt" which the legislature viewed

unethical and harassing to consumers. *See* House Comm. on Judiciary, Bill Analysis, Tex. S.B. 252, 63rd Leg., R.S. (1973).

10.     Among the TDCA's requirements, any debt collector engaging in debt collection from consumers in the state of Texas must obtain a surety bond: "A third-party debt collector . . . may not engage in debt collection unless the third-party debt collector . . . has obtained a surety bond issued by a surety company authorized to do business in this state as prescribed by this section." Tex. Fin. Code § 392.101.

11.     To further this purpose and to promote transparency and fairness, the TDCA further requires that: "A copy of the bond must be filed with the secretary of state." *Id.*

12.     Like the FDCPA, the TDCA is a strict liability lawsuit which does not require proof of actual damages in order to recover statutory damages under the Act. *See Marauder Corp. v. Beall*, 301 S.W.3d 817, 822 (Tex. App. 2009).

## BATTERY

13.     Under Texas law, the elements of battery are: (1) a harmful or offensive contact; (2) with a plaintiff's person. *Doe v. Beaumont I.S.D.*, 8 F. Supp. 2d 596, 616 (E.D. Tex. 1998) (citing *Price v. Short*, 931 S.W.2d 677, 687 (Tex. App.—Dallas 1996, n.w.h.); *Fisher v. Carrousel Motor Hotel, Inc.,* 424 S.W.2d 627 (Tex. 1967).

14.     "[A]ctual physical contact is not necessary to constitute a battery, so long as there is contact with clothing or an object closely identified with the body." *Fisher v. Carrousel Motor Hotel, Inc.*, 424 S.W.2d 627, 629 (Tex. 1967).

## PARTIES

15.     Plaintiffs are natural persons who at all relevant times resided in the State of Texas, County of Caldwell, and City of Lockhart.

16.     MVC is a Texas limited liability company in the business of coordinating and effecting the repossession of vehicles.

17.     At all relevant times, MVC was working as a repossession agent working at the behest of TitleMax.

18.     At all relevant times, MVC was an entity using instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests.

19.     MVC is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

20.     At all times relevant, MVC was an entity that directly or indirectly engaged in debt collection.

21.     MVC is a "debt collector" as defined by TEX. FIN. CODE § 392.001(6).

22.     At all relevant times, Does I-X were persons or entities using instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests.

23.     Does I-X are debt collectors as defined by 15 U.S.C. § 1692a(6).

24.     At all times relevant, Does I-X were persons or entities that directly or indirectly engaged in debt collection.

25.     Does I-X are "debt collectors" as defined by TEX. FIN. CODE § 392.001(6).

**FACTUAL ALLEGATIONS**

26.     Ms. Roundtree obtained a title loan using her 2007 Honda Pilot (the "Vehicle") as collateral.

27.     Ms. Roundtree purchased and used the Vehicle for her own personal, family, and household use.

28.     The Vehicle constitutes "consumer goods" as defined by TEX. BUS. & COM. CODE § 9.102(a)(23).

29.     As part of her loan agreement, Ms. Roundtree granted TitleMax a security interest in the Vehicle.

30.     The Vehicle constitutes "collateral" as defined by TEX. BUS. & COM. CODE § 9.102(a)(12).

31.     Thereafter, TitleMax engaged its repossession agent, MVC, to repossess the Vehicle.

32.     MVC in turn hired Does I-X to effect the actual repossession of the Vehicle.

33.     On or about August 4, 2020, Does I-X followed Ms. Roundtree and Mr. Kavanagh as Ms. Roundtree completed a delivery for Postmates.

34.     When Ms. Roundtree exited the vehicle she left her friend, Mr. Kavanagh in the vehicle.

35.     Despite Mr. Kavanagh's presence in the vehicle, Does I-X picked up the vehicle and attempted to repossess it.

36.     Mr. Kavanagh and Ms. Roundtree immediately protested the repossession.

37.     Despite Mr. Kavanagh and Ms. Roundtree's protests, Does I-X continued with the repossession.

**COUNT I**
**VIOLATION OF 15 U.S.C. § 1692f(6)(A)**
**DOES I-X**

38.     Plaintiffs repeat and re-allege each factual allegation contained above.

39.     Texas law provides that secured parties may take possession of collateral without judicial action so long as there is no "breach of the peace."  TEX. BUS. & COM. CODE § 9.609(b)(2).

5

40.     However, if collateral cannot be repossessed without a breach of the peace, a party must get a court order to take possession of the collateral. *Id*.

41.     A repossession agent breaches the peace if he continues with a repossession over a consumer's protest. *See Marcus v. McCollum,* 394 F.3d 813, 820 (10th Cir. 2004); *Dixon v. Ford Motor Credit Co.*, 72 Ill. App. 3d 983, 988, 391 N.E.2d 493, 497 (1979); *Hollibush v. Ford Motor Credit Co.*, 179 Wis. 2d 799, 812, 508 N.W.2d 449, 455 (Ct. App. 1993) ("We conclude that the undisputed fact is that Hollibush or her fiancé told FMCC's agent that he was not to repossess the vehicle, and that he nonetheless did so. We conclude that this constitutes a breach of the peace."); *Ford Motor Credit Co. v. Cole*, 503 S.W.2d 853, 855 (Tex. Civ. App. 1973), *dismissed* (Apr. 3, 1974) (because consumer protested repossession secured party was forced to either go to court or repossess vehicle at time when the consumer would not notice and protest); *Census Fed. Credit Union v. Wann*, 403 N.E.2d 348, 352 (Ind. Ct. App. 1980) ("[I]f [a] repossession is verbally or otherwise contested at the actual time of and in the immediate vicinity of the attempted repossession by the defaulting party or other person in control of the chattel, the secured party must desist and pursue his remedy in court."); *First & Farmers Bank of Somerset, Inc. v. Henderson*, 763 S.W.2d 137, 140 (Ky. Ct. App. 1988) ("[I]t is clear that repossession in the face of the debtor's objection constitutes a breach of the peace."); *Morris v. First Nat. Bank & Tr. Co. of Ravenna*, 21 Ohio St. 2d 25, 30, 254 N.E.2d 683, 686 (1970); *Hopkins v. First Union Bank of Savannah*, 193 Ga. App. 109, 110, 387 S.E.2d 144, 146 (1989) (agreeing with most courts that repossession in the face of a debtor's oral protest constitutes a breach of the peace); *Martin v. Dorn Equip. Co.*, 250 Mont. 422, 427, 821 P.2d 1025, 1028 (1991) (quoting J. Sheldon & R. Sable, *Repossessions,* § 6.3 (1988)) (" '[T]he general rule is that the creditor cannot . . . seize any property over the debtor's objections.' ").

42.    Ms. Roundtree and Mr. Kavanagh confronted Does I-X and unequivocally protested their repossession.

43.    Once Ms. Roundtree and Mr. Kavanagh confronted Does I-X and protested the repossession, Does I-X lost the right to continue with the repossession.

44.    Nonetheless, Does I-X continued with the repossession and thereby breached the peace.

45.    Additionally, Does I-X used force on the body of Mr. Kavanagh and thereby breached the peace.

46.    A repossession agent's breach of the peace negates a right to possession. *See Clark v. PAR, Inc.*, No. CV1502322MWFFFMX, 2015 WL 13781846, at *5 (C.D. Cal. July 22, 2015) (collecting cases); 15 U.S.C. § 1692f(6); *see also Oliver v. ARS Ohio LLC*, No. 5:18-CV-967, 2019 WL 343249, at *4 n. 5 (N.D. Ohio Jan. 28, 2019) (noting that under applicable law, "a security-interest enforcer loses its right to present possession of the collateral if it breaches the peace"); *Wright v. Santander Consumer USA, Inc.*, No. 618CV263ORL22KRS, 2018 WL 2095171, at *4 (M.D. Fla. May 1, 2018) ("If a repossession agency breaches the peace during a self-help repossession, then it loses its right to present possession of the collateral."); *Vantu v. Echo Recovery, L.L.C.*, 85 F. Supp. 3d 939, 943 (N.D. Ohio 2015) ("In general, a security-interest enforcer loses its right to present possession of the collateral if it breaches the peace."); *Alexander v. Blackhawk Recovery & Investigation, L.L.C.*, 731 F. Supp. 2d 674, 680 (E.D. Mich. 2010); *Fleming-Dudley v. Legal Investigations, Inc.*, No. 05 C 4648, 2007 WL 952026, at *5 (N.D. Ill. Mar. 22, 2007); *Purkett v. Key Bank USA, Inc.*, No. 01 C 162, 2001 WL 503050, at *2 (N.D. Ill. May 10, 2001).

47.     By continuing with its repossession after it lost the right to do so, Does I-X violated 15 U.S.C. § 1692f(6)(A) by taking non-judicial action to effect dispossession of Ms. Roundtree's property where the property was exempt by law from such dispossession.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a)  Adjudging that Does I-X violated 15 U.S.C. § 1692f(6)(A);

b)  Awarding Ms. Roundtree statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c)  Awarding Mr. Kavanagh statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

d)  Awarding Plaintiffs their actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

e)  Awarding Plaintiffs their reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

f)  Awarding Plaintiffs pre-judgment and post-judgment interest as permissible by law; and

g)  Awarding such other and further relief as the Court may deem proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692f(6)(A)
## MVC

48.     Plaintiffs repeat and re-allege each factual allegation contained above.

49.     Texas law provides that secured parties may take possession of collateral without judicial action so long as there is no "breach of the peace." TEX. BUS. & COM. CODE § 9.609(b)(2).

50.     However, if collateral cannot be repossessed without a breach of the peace, a party must get a court order to take possession of the collateral. *Id*.

51.     A repossession agent breaches the peace if he continues with a repossession over a consumer's protest. *See Marcus v. McCollum,* 394 F.3d 813, 820 (10th Cir. 2004); *Dixon v. Ford Motor Credit Co.*, 72 Ill. App. 3d 983, 988, 391 N.E.2d 493, 497 (1979); *Hollibush v. Ford Motor Credit Co.*, 179 Wis. 2d 799, 812, 508 N.W.2d 449, 455 (Ct. App. 1993) ("We conclude that the undisputed fact is that Hollibush or her fiancé told FMCC's agent that he was not to repossess the vehicle, and that he nonetheless did so. We conclude that this constitutes a breach of the peace."); *Ford Motor Credit Co. v. Cole*, 503 S.W.2d 853, 855 (Tex. Civ. App. 1973), *dismissed* (Apr. 3, 1974) (because consumer protested repossession secured party was forced to either go to court or repossess vehicle at time when the consumer would not notice and protest); *Census Fed. Credit Union v. Wann*, 403 N.E.2d 348, 352 (Ind. Ct. App. 1980) ("[I]f [a] repossession is verbally or otherwise contested at the actual time of and in the immediate vicinity of the attempted repossession by the defaulting party or other person in control of the chattel, the secured party must desist and pursue his remedy in court."); *First & Farmers Bank of Somerset, Inc. v. Henderson*, 763 S.W.2d 137, 140 (Ky. Ct. App. 1988) ("[I]t is clear that repossession in the face of the debtor's objection constitutes a breach of the peace."); *Morris v. First Nat. Bank & Tr. Co. of Ravenna*, 21 Ohio St. 2d 25, 30, 254 N.E.2d 683, 686 (1970); *Hopkins v. First Union Bank of Savannah*, 193 Ga. App. 109, 110, 387 S.E.2d 144, 146 (1989) (agreeing with most courts that repossession in the face of a debtor's oral protest constitutes a breach of the peace); *Martin v. Dorn Equip. Co.*, 250 Mont. 422, 427, 821 P.2d 1025, 1028 (1991) (quoting J. Sheldon & R. Sable, *Repossessions,* § 6.3 (1988)) (" '[T]he general rule is that the creditor cannot . . . seize any property over the debtor's objections.' ").

52.     Ms. Roundtree and Mr. Kavanagh confronted Does I-X and unequivocally protested their repossession.

53.     Once Ms. Roundtree and Mr. Kavanagh confronted Does I-X and protested the repossession, Does I-X lost the right to continue with the repossession.

54.     Nonetheless, Does I-X continued with the repossession and thereby breached the peace.

55.     Additionally, Does I-X used force on the body of Mr. Kavanagh and thereby breached the peace.

56.     A repossession agent's breach of the peace negates a right to possession. *See Clark v. PAR, Inc.*, No. CV1502322MWFFFMX, 2015 WL 13781846, at *5 (C.D. Cal. July 22, 2015) (collecting cases); 15 U.S.C. § 1692f(6); *see also Oliver v. ARS Ohio LLC*, No. 5:18-CV-967, 2019 WL 343249, at *4 n. 5 (N.D. Ohio Jan. 28, 2019) (noting that under applicable law, "a security-interest enforcer loses its right to present possession of the collateral if it breaches the peace"); *Wright v. Santander Consumer USA, Inc.*, No. 618CV263ORL22KRS, 2018 WL 2095171, at *4 (M.D. Fla. May 1, 2018) ("If a repossession agency breaches the peace during a self-help repossession, then it loses its right to present possession of the collateral."); *Vantu v. Echo Recovery, L.L.C.*, 85 F. Supp. 3d 939, 943 (N.D. Ohio 2015) ("In general, a security-interest enforcer loses its right to present possession of the collateral if it breaches the peace."); *Alexander v. Blackhawk Recovery & Investigation, L.L.C.*, 731 F. Supp. 2d 674, 680 (E.D. Mich. 2010); *Fleming-Dudley v. Legal Investigations, Inc.*, No. 05 C 4648, 2007 WL 952026, at *5 (N.D. Ill. Mar. 22, 2007); *Purkett v. Key Bank USA, Inc.*, No. 01 C 162, 2001 WL 503050, at *2 (N.D. Ill. May 10, 2001).

57.     By continuing with its repossession after it lost the right to do so, Does I-X violated 15 U.S.C. § 1692f(6)(A) by taking non-judicial action to effect dispossession of Ms. Roundtree's property where the property was exempt by law from such dispossession.

58.     As the debt collector that hired Does I-X, MVC is liable for Does I-X's violation of the FDCPA.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a)  Adjudging that Does I-X violated 15 U.S.C. § 1692f(6)(A);

b)  Adjudging that MVC is liable for Does I-X's violation of 15 U.S.C. § 1692f(6)(A);

c)  Awarding Ms. Roundtree statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

d)  Awarding Mr. Kavanagh statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00

e)  Awarding Plaintiffs their actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

f)  Awarding Plaintiffs their reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

g)  Awarding Plaintiffs pre-judgment and post-judgment interest as permissible by law; and

h)  Awarding such other and further relief as the Court may deem proper.

### COUNT III
### VIOLATION OF TEX. BUS. & COM. CODE § 9.609(b)(2)
### BOTH DEFENDANTS

59.     Ms. Roundtree repeats and re-alleges each factual allegation contained above.

60.     Texas law provides that secured parties may take possession of collateral without judicial action so long as there is no "breach of the peace." TEX. BUS. & COM. CODE § 9.609(b)(2).

61.     However, if collateral cannot be repossessed without a breach of the peace, a party must get a court order to take possession of the collateral. *Id.*

62.     A repossession agent breaches the peace if he continues with a repossession over a consumer's protest.

63.     Does I-X violated Tex. Bus. & Com. Code § 9.609(b)(2) when it breached the peace to repossess Ms. Roundtree's Vehicle.

64.     As the debt collector that hired Does I-X, MVC is liable for Does I-X's violation of the Tex. Bus. & Com. Code § 9.609(b)(2).

WHEREFORE, Ms. Roundtree prays for relief and judgment, as follows:

a)  Adjudging that Does I-X violated Tex. Bus. & Com. Code § 9.609(b)(2);

b)  Adjudging that MVC, as the debt collector that hired Does I-X, is liable for Does I-X's violation of the Tex. Bus. & Com. Code § 9.609(b)(2).

c)  Awarding Ms. Roundtree actual damages, pursuant to Tex. Bus. & Com. Code § 9.625(c)(1);

d)  Awarding Ms. Roundtree pre-judgment and post-judgment interest as permissible by law; and

e)  Awarding such other and further relief as the Court may deem proper.

### COUNT IV
### VIOLATION OF TEX. FIN. CODE § 392.301
### ALL DEFENDANTS

65.     Ms. Roundtree repeats and re-alleges each and every factual allegation contained above.

66.     MVC's repossession agent, Does I-X, engaged in illegal conduct by continuing its repossession in the face of Ms. Roundtree's loud and unequivocal protest.

67.     MVC's repossession agent, Does I-X, engaged in illegal conduct by breaching the peace during its repossession.

68.     MVC's repossession agent, Does I-X, engaged in illegal conduct by battering Mr. Kavanagh.

69.     As the debt collector that hired Does I-X, MVC is liable for Does I-X's conduct.

70.     MVC violated TEX. FIN. CODE § 392.301(a)(8) by threatening to take and taking—through its agent, Does I-X —an action prohibited by law in connection with the collection of Ms. Roundtree's alleged debt.

71.     MVC violated TEX. FIN. CODE § 392.301(a)(1)) by using or threatening to use, through its agent, Does I-X, violence or other criminal means to cause harm to Ms. Roundtree.

WHEREFORE, Ms. Roundtree prays for relief and judgment, as follows:

a)  Adjudging that Does I-X violated TEX. FIN. CODE § 392.301(a)(8);

b)  Adjudging that Does I-X violated TEX. FIN. CODE § 392.301(a)(1);

c)  Adjudging that MVC as the debt collector that hired Does I-X, is liable for Does I-X's violation of TEX. FIN. CODE § 392.301(a)(8).

d)  Adjudging that MVC as the debt collector that hired Does I-X, is liable for Does I-X's violation of TEX. FIN. CODE § 392.301(a)(1).

e)  Awarding Ms. Roundtree injunctive relief pursuant to the TDCA;

f)  Awarding Ms. Roundtree actual damages pursuant to the TDCA;

g)  Awarding Ms. Roundtree reasonable attorneys' fees and costs incurred in this action;

h)  Awarding Ms. Roundtree any pre-judgment and post-judgment interest as permissible by the law; and

i)  Awarding such other and further relief as the Court may deem just and proper.

## COUNT V
## BATTERY
## BOTH DEFENDANTS

72.     Mr. Kavanagh repeats and re-alleges each factual allegation contained above.

73.     Does I-X committed a battery when it lifted the Vehicle while Mr. Kavanagh occupied it.

74.     Does I-X's actions in purposefully lifting the vehicle while Mr. Kavanagh occupied it evidence that its actions in this matter were outrageous and guided by an evil mind.

75.     MVC, as the debt collector that hired Does I-X, is liable for Does I-X's battery.

WHEREFORE, Mr. Kavanagh prays for relief and judgment, as follows:

a)   Adjudging that Does I-X committed a battery on the person of Mr. Kavanagh;

b)   Adjudging that MVC, as the debt collector that hired Does I-X, is liable for its battery;

c)   Awarding Mr. Kavanagh his actual damages in an amount to be proved at trial;

d)   Awarding Mr. Kavanagh exemplary damages in an amount to be proved at trial

e)   Awarding Mr. Kavanagh pre-judgment and post-judgment interest as permissible by law; and

f)   Awarding such other and further relief as the Court may deem proper.

## TRIAL BY JURY

76.     Plaintiffs are entitled to and hereby demand a trial by jury.

Dated: May 14, 2021

Respectfully submitted,

Russell S. Thompson IV
Thompson Consumer Law Group, PC
5235 E. Southern Ave. D106-618

14

Mesa, AZ 85206
Telephone:     602-388-8898
Facsimile:      866-317-2674
rthompson@ThompsonConsumerLaw.com

Attorneys for Plaintiff